IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **Khalilah Omar, Individually, and as Personal Representative of the Estate of Kamilyah Nasiya Omar-Jones, Deceased,** <br><br> Plaintiff, <br><br> *versus* <br><br> **Hillsborough County Public School District a/k/a Riverview High School, Kelli Russo, Brenda Freebourn, LPN, and Brian Spiro,** <br><br> Defendants. | Case No.: <br><br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT AT LAW

The Plaintiff **Khalilah Omar, as Personal Representative of the Estate of Kamilyah Nasiya Omar-Jones**, **Deceased,** by and through her attorneys, Levin & Perconti, and Florin Roebig and for her complaint against Defendants **Hillsborough County Public School District a/k/a Riverview High School, Kelli Russo, Brenda Freebourn, LPN, and Brian Spiro,** alleges and states as follows:

### PARTIES TO THE ACTION

1. Kamilyah Omar-Jones (hereinafter "Kamilyah") was born on June 1, 2004, and died on October 28, 2022. At the time of her death, Kamilyah was a resident of Riverview, Florida.

2. Plaintiff Khalilah Omar is the Personal Representative of the Estate of

1

Kamilyah Omar, Deceased. A copy of the Letters of Administration is attached as Exhibit "A."

3. Defendant Hillsborough County Public School District (hereinafter referred to as the "School District") is a governmental entity organized and existing by virtue of the Laws of Florida, with its principal place of business located at 901 East Kennedy Boulevard, Tampa, FL 33602.

4. Defendant Kelli Russo is an adult individual who was, at all times material hereto, employed as a teacher by the School District at Riverview High School (hereinafter "Riverview") and was acting under color of state law and pursuant to policies and/or customs that were acquiesced to by supervisors, and/or those with policy-making authority for Defendant School District.

5. Defendant Brenda Freebourn, LPN is an adult individual who was, at all times material hereto, employed as a school nurse by the School District at Riverview and was acting under color of state law, and pursuant to policies and/or customs that were acquiesced to by supervisors, and/or those with policy-making authority for Defendant School District.

6. Defendant Brian Spiro is an adult individual who was, at all times material hereto, employed as a principal by the School District at Riverview and was acting under color of state law, and pursuant to policies and/or customs that were acquiesced to by supervisors, and/or those with policy-making authority for Defendant School District.

## JURISDICTION

7. This action is brought pursuant to 42 U.S.C § 1983 and the Fourteenth Amendment to the Constitution of the United States. The United States District Court

for the Middle District of Florida has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3). The court exercises supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §§ 1367.

8. On April 5, 2024, in satisfaction of Florida Statute 768.28, Plaintiffs sent via certified mail notices of claim to Defendants Hillsborough County Public School District a/k/a Riverview High School, Kelli Russo, Brenda Freebourn, LPN, and Brian Spiro.

9. To date, Plaintiffs hace not received a response to the notice of claims sent to Defendants Hillsborough County Public School District a/k/a Riverview High School, Kelli Russo, Brenda Freebourn, LPN, and Brian Spiro. The lack of response acts a denial of the claims alleged herein.

## VENUE

10. Pursuant to 28 U.S.C. § 1391(b), the venue of this suit is proper in the Middle District of Florida as that is the location of the Defendants and the place where the events giving rise to this litigation occurred.

## PARTIES

11. At all times relevant to this Complaint, Kamilyah was an individual guaranteed the rights and protections afforded to all United States citizens, pursuant to the 14th Amendment of the United States Constitution, namely equal protection of the laws, and the right to life, liberty and the pursuit of happiness.

12. At all times material hereto, Defendants Kelli Russo, Brenda Freebourn, LPN, and Brian Spiro, acted and/or failed to act within the course and scope of their

3

employment, under color of state law, pursuant to the customs, policies and practices of the Defendant School District.

13. At all times material hereto, Defendant School District acted and/or failed to act by and through its agents, servants, workmen and/or employees acting within the course and scope of their employment, under color of state law, and pursuant to the customs, policies and practices of Defendant School District.

14. At all times material hereto, Defendant School District was charged with the responsibility of testing, hiring, training and/or supervising all agents, servants, workmen and/or employees, including without limitation Defendants Kelli Russo, Brenda Freebourn, LPN, and Brian Spiro.

## CONSTITUTIONAL VIOLATIONS ALLEGED

15. Section 1 of the 14th Amendment to the United States Constitution provides, in pertinent part: "nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

## FACTUAL ALLEGATIONS

16. On or about October 26, 2022, Plaintiff's Decedent Kamilyah Omar resided at 10818 Lakeside Vista Drive, Riverview, FL 33569.

17. At all relevant times, Decedent, was enrolled as a twelfth-grade student at Riverview.

18. At all relevant times, Decedent had been diagnosed with cerebral palsy.

19. At all relevant times, Defendants were or should have been aware that Decedent's disability, and in particular her cerebral palsy, required staff to supervise

Decedent while eating, and to remind Decedent to slow down while eating and take smaller bites.

20. Decedent's April 22, 2022, Individualized Education Plan notes that Decedent "may need reminders to slow down when eating and to take smaller bites."

21. On or about October 26, 2022, Decedent's medical condition, and in particular her cerebral palsy, was known or should have been known to Defendants.

22. At all relevant times, Defendants had actual and/or constructive knowledge of risks to cerebral palsy students, in particular, the risk of choking, and had actual and/or constructive knowledge that those risks could be a fatal complication of the decedent's condition if not adequately supervised and treated.

23. On October 26, 2022, at or before 11:59 AM, Decedent was permitted to eat without supervision as required by her Individualized Education Plan. The absence of this supervision on that date was the result of decisions by Defendants, acting through high-level policymakers with final authority and/or acquiescing to a longstanding custom and/or practice known to such high-level policymakers. The absence of supervision for Decedent in the lunchroom at Riverview on October 26, 2022, was not a transient or unexpected condition.

24. On October 26, 2022, at or before 11:59 AM, there was no nurse in the lunchroom at Riverview. The absence of a nurse from the lunchroom on that date was the result of decisions by Defendants, acting through high-level policymakers with final authority and/or acquiescing to a longstanding custom and/or practice known to such high-level policymakers. The absence of the nurse in the lunchroom at Riverview on October 26, 2022, was not a transient or unexpected condition.

25. On October 26, 2022, at or before 11:59 AM, there was no nurse supervising the lunchroom at Riverview. The absence of this supervision on that date was the result of decisions by Defendants, acting through high-level policymakers with final authority and/or acquiescing to a longstanding custom and/or practice known to such high-level policymakers. The absence of supervision from a nurse in the lunchroom at Riverview on October 26, 2022, was not a transient or unexpected condition.

26. On October 26, 2022, at some point after 11:59 AM, Brenda Freebourn, LPN, was summoned to the cafeteria to observe Kamilyah Omar-Jones lying on the floor with possible seizure like activity.

27. On or about October 26, 2022, at some point after 11:59 AM, Kamilyah Omar Jones became unresponsive.

28. On or about October 26, 2022, at some point after 11:59 AM, Brenda Freebourn observed Kamilyah Omar-Jones lying on the floor on her side.

29. On or about October 26, 2022, at some point after 11:59 AM, Kelli Russo informed Brenda Freebourn that Kamilyah Omar-Jones was eating a meatball prior to the incident.

30. On or about October 26, 2022, according to the Hillsborough County Fire Rescue records, at approximately 11:59 AM, Rafael Dominguez and Joshua Young were dispatched to a call at Riverview located at 901 East Kennedy Boulevard, Tampa, FL 33602.

31. On October 26, 2022, according to the Hillsborough County Fire Rescue records, at approximately 12:06 PM, Rafael Dominguez and Joshua Young arrived to the Decedent where she was documented to have agonal respirations.

32. On October 26, 2022, according to the Hillsborough County Fire Rescue records, at approximately 12:14 PM, Kamilyah Omar-Jones went into cardiac arrest.

33. On October 26, 2022, Rafael Dominguez and Joshua Young intubated the Decedent. She was documented to have a waveform capnography that was flat and the lungs sounds were hard to hear.

34. On October 26, 2022, according to the Hillsborough County Fire Rescue records, at approximately 12:27, the Decedent arrived at St. James Hospital.

35. On October 26, 2022, according to the St. James Hospital records, at approximately 12:51, a meatball was removed from the Decedent's airway.

36. On October 28, 2022, according to the St. James Hospital records, at approximately 22:38 the Decedent was pronounced dead.

37. Decedent's cause of death on her Florida Death Certificate lists choking on bolus of food as a cause of her death.

38. As a result of the negligence and wrongful conduct of the Defendants as set forth herein, Decedent Kamilyah Omar was caused to suffer severe and permanent injuries, including but not limited to:

    a) Anoxic encephalopathy;

    b) Cardiopulmonary arrest;

    c) Choking;

    d) Death;

    e) Pain and suffering;

    f) Mental anguish;

    g) Humiliation;

  h) Embarrassment;

  i) Disfigurement;

  j) Emotional distress;

  k) Wage and earning capacity loss;

  l) Medical expenses;

  m) Personal expenses;

  n) Loss of life's pleasures; and

  o) Economic losses.

39. The injuries, damages, loses and death suffered by Decedent Kamilyah Omar were caused exclusively by the acts and omissions of the Defendants, and were in no way caused or contributed to by the Plaintiff and/or Decedent.

40. At all relevant times, the conduct of the Defendants, as described herein, exhibited deliberate indifference to the rights of the Decedent, as guaranteed by the Constitution of the United States of America.

**COUNT I**
**CIVIL RIGHTS: STATE CREATED DANGER**
**(14th Amendment, Substantive Due Process)**
**Plaintiff vs. All Defendants**

41. All previous paragraphs are hereby incorporated by reference as though fully set forth herein.

42. At all relevant times, Decedent Kamilyah Omar suffered from cerebral palsy, and, as a result of that condition, was at an extreme risk of choking and death if not appropriately supervised.

8

43. At all relevant times, Defendants knew and/or should have known that Decedent Kamilyah Omar suffered from cerebral palsy and was at an extreme risk of choking and death if not appropriately supervised.

44. The harm caused by the Defendants' conduct, namely the damages, injuries, losses and death of Kamilyah Omar as described above, was a foreseeable and fairly direct result of such conduct.

45. At all relevant times, Defendants were state actors and acting under color of state law.

46. At all relevant times, Defendants acted with a degree of culpability that shocks the conscience.

47. At all relevant times, Decedent's status as a student at Riverview in the School District created a special relationship that existed between Defendants and Decedent Kamilyah Omar, such that Decedent was a foreseeable victim of the Defendants' acts and/or a member of a discrete class of persons subjected to the potential harm brought about by the Defendants' actions, as opposed to a member of the public in general.

48. The Defendants, acting under color of state law, through the conduct alleged above, affirmatively exercised their authority in a manner that created a danger to Decedent Kamilyah Omar, and/or used their authority in a way that rendered Decedent Kamilyah Omar and/or used their authority in a way that rendered Decedent Kamilyah Omar more vulnerable to danger than had the Defendants not acted at all. Such conduct included:

    a. Requiring Decedent to remain at the school despite the

        lack of any qualified personnel to render supervision and assistance;

   b. Continuing to employ individuals who lacked the ability and/or availability to assist Decedent while she was eating and/or choking;

   c. Showing deliberate indifference to the medical needs of the Decedent.

49. The aforementioned affirmative conduct violated Decedent Kamilyah Omar's rights under the Fourteenth Amendment to the United States Constitution, remediable through 42 U.S.C. § 1983.

50. The aforementioned affirmative conduct of the Defendants deprived Decedent Kamilyah Omar of her fundamental rights, as secured by the 14th Amendment of the Constitution of the United States of America without any compelling state interest.

51. As a direct and proximate result of the violations of her civil rights, Decedent Kamilyah Omar was caused to suffer catastrophic injuries and death, as set forth above.

**COUNT II**
**CIVIL RIGHTS – SUPERVISORY LIABILITY**
**(4th and 14th Amendments, Substantive Due Process)**
**Plaintiff vs. Defendant Principal Spiro**

52. All previous paragraphs are hereby incorporated by reference as though fully set forth herein.

53. At all relevant times, Defendant Principal Brian Spiro was acting under color of state law.

54. At all relevant times Defendant Principal Spiro exercised supervisory authority over Defendants Kelli Russo and Brenda Freebourn, LPN, and others at Riverview.

55. At all relevant times, Defendant Principal Spiro directed and/or acquiesced to the conduct of those over whom he exercised supervisory authority, which conduct included, without limitation, the following:

   a. Requiring Decedent to remain at the school despite the lack of any qualified personnel to render supervision and assistance;

   b. Continuing to employ individuals who lacked the ability and/or availability to assist Decedent while she was eating and/or choking;

   c. Showing deliberate indifference to the medical needs of the Decedent.

56. At all relevant times Defendant Principal Spiro was aware of her subordinates' taking the above-described action and directed them to take such conduct and/or acquiesced to their conduct.

57. At all relevant times, Defendant Principal Spiro knew or should have known that her directions and/or acquiescence to the conduct of those over whom she exercised supervisory control would have the effect of depriving Decedent of her rights under the laws of the Constitution of the United States, in particular, the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. § 1983.

58. As a direct and proximate result of the violations of her civil rights, Decedent Kamilyah Omar was caused to suffer catastrophic injuries and death, as set forth above.

## COUNT III
## CIVIL RIGHTS: *MONELL* CLAIM
## (4th and 14th Amendments, Substantive Due Process)
## Plaintiff v. Defendant Hillsborough County Public School District

59. All previous paragraphs are hereby incorporated by reference as though fully set forth herein.

60. The Defendants' conduct as set forth above, acting under color of state law, was recklessly, willfully, and deliberately indifferent to the health, safety and well-being of Decedent Kamilyah Omar, and was committed in conscious and deliberate disregard of the substantial and/or unjustifiable risk of causing harm to members of the public and to Kamilyah Omar.

61. At all relevant times, Defendant School District acted through high level, responsible policy makers, including without limitation, Defendant Spiro and/or other individuals who promulgated policies and procedures and/or acquiesced in a longstanding custom or practice whereby such individuals knew of the life-threatening danger posed by the failures set forth in the following paragraph and deliberately chose not to pursue a different course of action and/or acquiesced in a longstanding practice of such failures.

62. The Defendants' conduct, as set forth above, pursuant to the policies and customs of Defendant School District, violated Kamilyah Omar's rights pursuant to the Fourteenth Amendment to the United States Constitution, which is remediable through

12

42 U.S.C. § 1983, by, *inter alia*:

    a. Failing to properly screen, hire, employ and/or retain employees and/or agents with sufficient skill and/or fitness for duty to serve as educators and/or school employees;

    b. Failing to properly train and supervise employees and/or agents to properly and safely serve as educators and/or school employees;

    c. Failing to implement the appropriate policies, practices and procedures, including, but not limited to, policies, practices and procedures which relate to the appropriate response to students who are high risk and are at an increased risk of choking and/or experiencing other medical emergencies;

    d. Failing to properly train supervisors, managers and other personnel to properly and adequately oversee the activities of teachers and/or other school employees;

    e. Failing to take appropriate disciplinary action against employees and/or other agents retained as teachers and/or school employees; and

    f. Failing to have and enforce clear, concise and appropriate policies and/or directives to address the issues of teachers and/or school employees dealing with students' medical needs.

70. As a direct and proximate result of the above-described failures, Decedent was deprived of her rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States of America without any compelling state interest.

71. As a direct and proximate result of the violations of her civil rights, Decedent Kamilyah Omar was caused to suffer catastrophic injuries and death, as set forth above.

## COUNT IV
## WRONGFUL DEATH
## Plaintiff v. All Defendants

72. All previous paragraphs are hereby incorporated by reference as though fully set forth herein.

73. This action is brought pursuant to Florida's Wrongful Death Statute, Fla. Stat. § 768.16, et. Seq.

74. At all material times hereto, Khalilah Omar was the biological mother of Kamilyah Omar-Jones, and is a statutory survivor of Kamilyah Omar-Jones pursuant to § 768.28.

75. The Decedent Kamilyah Nasiya Omar-Jones died on October 28, 2022.

76. The injuries and death of the Plaintiffs' Decedent were a direct and proximate result of the conduct of the Defendants aforementioned.

77. As a direct and proximate cause of the negligence of the aforementioned Defendants, Kamilyah Nasiya Omar-Jones died on October 26, 2022, resulting in the following past and future damages:

   a. Khalilah Omar, as the surviving mother of Kamilyah Nasiya Omar-Jones, deceased, is entitled to recover damages for loss of support and services, for loss of companionship and protection and for mental pain and suffering, for medical and funeral expenses incurred, and for any other damages permitted by Florida's Wrongful Death Act;

    b. Antiwan James Jones, as the surviving father of Kamilyah Nasiya Omar-Jones, deceased, is entitled to recover damages for loss of support and services, for loss of companionship and protection and for mental pain and suffering, for medical and funeral expenses incurred, and for any other damages permitted by Florida's Wrongful Death Act; and

    c. The Estate of Kamilyah Nasiya Omar-Jones is entitled to recover damages for loss of earnings, loss of prospective net accumulations, medical and funeral expenses, and for any other damages permitted by Florida's Wrongful Death Act.

## COUNT V
## SURVIVAL ACTION
### Plaintiff v. All Defendants

78. All paragraphs are hereby incorporated by reference as if fully set forth herein.

79. The injuries to, and death of Plaintiffs' Decedent on October 26, 2022, were the direct and proximate result of the negligence and conduct of the Defendants as aforementioned.

80. By reason of the foregoing, Plaintiff believe and therefore avers that the Decedent suffered great fright, emotional distress, fear of death, disfigurement, and devastating conscious pain and suffering prior to her death.

81. As a direct and proximate cause of the negligence of the Defendants, Plaintiffs' Decedent suffered past damages including bodily injury, physical pain and suffering, inability and loss of capacity to lead and enjoy a normal life, mental anguish,

humiliation and embarrassment, loss of earnings, emotional anguish and emotional pain and suffering, and medical and related expenses incurred in seeking treatment.

**COUNT VI**
**GENERAL NEGLIGENCE**
**Plaintiff v. All Defendants**

82. All previous paragraphs are hereby incorporated by reference as though fully set forth herein.

83. At all material times Defendants Hillsborough County Public School District a/k/a Riverview High School, through its agents, apparent agents, ostensible agents, servants, borrowed servants and/or employees including but not limited to Kelli Russo, Brenda Freebourn, LPN, and Brian Spiro, and Defendants Kelli Russo, Brenda Freebourn, LPN, and Brian Spiro, individually, owed a duty to Kamilyah Omar- Jones, to use reasonable care, which is the care that a reasonably careful person would use under like circumstances.

84. Defendants Hillsborough County Public School District a/k/a Riverview High School, through its agents, apparent agents, ostensible agents, servants, borrowed servants and/or employees including but not limited to Kelli Russo, Brenda Freebourn, LPN, and Brian Spiro, and Defendants Kelli Russo, Brenda Freebourn, LPN, and Brian Spiro, individually, breached their duty of care to Kamilyah Omar-Jones in at least the following ways:

    a. Failing to recognize or disregarding Kamilyah Omar-Jones risk of choking;

    b. Failing to follow Kamilyah Omar-Jones's Individualized Education Program;

    c. Failing to properly supervise and train its employees;

    d. Failing to provide appropriate supervision during meals for Kamilya Omar-Jones; and

    e. Failing to initiate the proper procedures to address Kamilyah Omar-Jones's obstructed airway due to her choking event on October 26, 2022.

85. As a direct and proximate cause of the negligence of Hillsborough County Public School District a/k/a Riverview High School, through its agents, apparent agents, ostensible agents, servants, borrowed servants, and/or employees, including but not limited to Kelli Russo, Brenda Freebourn, LPN, and Brian Spiro, Kamilyah Omar-Jones was caused to suffer catastrophic injuries and death, as set forth above.

86. Had Hillsborough County Public School District a/k/a Riverview High School, through its agents, apparent agents, ostensible agents, servants, borrowed servants, and/or employees, properly supervised Kamilyah Omar-Jones she would not have been allowed to choke, asphyxiate, and die.

87. As a direct and proximate cause of the negligence of Hillsborough County Public School District a/k/a Riverview High School, through its agents, apparent agents, ostensible agents, servants, borrowed servants, and/or employees, including but not limited to Kelli Russo, Brenda Freebourn, LPN, and Brian Spiro, Kamilyah Omar-Jones suffered past damages including bodily injury, physical pain and suffering, inability and loss of capacity to lead and enjoy a normal life, mental anguish, humiliation and embarrassment, loss of earnings, emotional anguish and emotional pain and suffering, and medical and related expenses incurred in seeking treatment, including her death.

WHEREFORE, the Plaintiff, **Khalilah Omar, as Personal Representative of**

**the Estate of Kamilyah Nasiya Omar-Jones**, **Deceased,** requests a jury trial on all issues so triable, and a judgment against all named Defendants jointly and severally, as follows:

1. For an amount in compensatory damages that is fair and reasonable as established by the evidence in an amount in excess of the jurisdictional limits of this Court;

2. For the costs herein expended, including attorneys' fees;

3. For a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues; and

4. For any and all other relief to which the Plaintiff may appear entitled.

> Respectfully submitted,
> **LEVIN & PERCONTI**
>
> By: ***/s/ Shaun Cummings***
> Attorneys for Plaintiff

SHAUN CUMMINGS
**FLORIN ROEBIG, P.A.**
**FBN: 0111944**
777 Alderman Road
Palm Harbor, Florida 34683
(727) 786-5000

SETH L. CARDELI (pro hac vice to be applied for)
ISABELA BACIDORE(pro hac vice to be applied for)
**LEVIN & PERCONTI**
325 North LaSalle Street, Suite 300
Chicago, Illinois 60654
(312) 332-2872
(312) 332-3112 facsimile