**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KHALILAH OMAR,

    Plaintiff,

v.                                                       Case No: 8:24-cv-2427-CEH-SPF

HILLSBOROUGH COUNTY PUBLIC
SCHOOL DISTRICT, KELLI RUSSO,
BRENDA FREEBOURN, and BRIAN
SPIRO,

    Defendants.

_____

**<u>ORDER</u>**

This matter is before the Court upon review of the file. On October 21, 2024, Plaintiff Khalilah Omar, Individually, and as Personal Representative of the Estate of Kamilyah Nasiya Omar-Jones, Deceased, initiated this action against Defendants Hillsborough County Public School District (a/k/a Riverview High School), Kelli Russo, Brenda Freebourn, LPN, and Brian Spiro. Doc. 1. In the six-count Complaint, Plaintiff sues Defendants under federal and state law, bringing numerous claims stemming from the death of her daughter Kamilyah Omar-Jones, who suffered from cerebral palsy and died after choking on her lunch at school. *Id.* ¶¶ 16–40. Plaintiff alleges that her daughter's death was caused by Defendants' negligence, wrongful conduct, and lack of supervision. *Id.* ¶ 38. Because Plaintiff's Complaint is a shotgun pleading, it is due to be dismissed, and Plaintiff will be given the opportunity to amend.

## DISCUSSION

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citation omitted). The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Relevant here, a complaint that contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" constitutes a shotgun pleading. *Id.* at 1321. The second type of shotgun pleading is one that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third type is one that fails to separate into a different count each cause of action or claim for relief. *Id.* at 1322–23. Finally, the fourth type of shotgun pleading is one that asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act or omission. *Id.* at 1323.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* When faced with a shotgun pleading, a court should strike the complaint and instruct plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516

F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Eleventh Circuit repeatedly condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windows, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of establishing a claim for relief.

The Complaint here constitutes a classic shotgun pleading. Each of Plaintiff's claims incorporates the preceding paragraphs, including prior counts, resulting in the final count constituting a culmination of all four claims. This form of pleading is exactly the type repeatedly condemned by the Eleventh Circuit.

Because the Complaint is a shotgun pleading, the Court will dismiss it and grant Plaintiff leave to file an amended complaint which conforms with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. In filing an amended complaint, Plaintiff shall ensure that she avoids shotgun pleading pitfalls and complies with applicable pleading requirements, including Federal Rules of Civil Procedure 8 and 10.

Accordingly, it is

**ORDERED**:

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice** as a shotgun pleading.

2. Plaintiff is granted leave to file an amended complaint within **FOURTEEN (14) DAYS** from the date of this Order, which must correct the deficiencies discussed herein.

3. Failure to file an amended complaint within the time provided will result in the dismissal of this action without prejudice and without further notice.

**DONE** and **ORDERED** in Tampa, Florida on October 23, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record

4